## HALL *a.* McMAHON.

*New York Common Pleas; General Term, May,* 1860.

ARREST.—JUDGMENT OF MARINE COURT DOCKETED IN COUNTY CLERK'S OFFICE.—EXECUTION AGAINST THE PERSON.

One who, in collecting a claim of his own, unites with it a claim belonging to another creditor, under an agreement with the latter to account to him for a due proportion of the amount collected,—receives such proportion in "a fiduciary capacity," and is liable to arrest in an action for not paying it over.

After a judgment, recovered in the Marine Court, has been docketed in the county clerk's office, the creditor may have execution against the person of the debtor, as if the judgment had been recovered in the Court of Common Pleas.

Appeal from an order denying leave to issue execution against the person.

The decision of the court on the original motion is reported *Ante,* 103. The facts of the case are fully stated there, and in the following opinion:

*James S. Stearns,* for the appellant, cited Noble *a.* Prescott (4 *E. D. Smith,* 139); Stoll *a.* King (8 *How. Pr. R.,* 298); Schudder *a.* Shiells (17 *Ib.,* 420); Frost *a.* McCarger (14 *Ib.,* 131); Ridder *a.* Whitlock (12 *Ib.,* 208).

*James M. Sheehan,* for the respondent.

By the Court.—Hilton, J.—The additional affidavits read on the rehearing of the motion, at special term, in my opinion, conclusively establish the following facts :

Through the agency of the defendant, the plaintiff was employed to, and did furnish work, and labor, and materials for the ship Telegraph, amounting in all to $437.61. The defendant also furnished work and materials amounting to about $7500. Neither being paid, and the defendant being about to libel the vessel, called upon the plaintiff and requested permission to put his bill in the same libel, to which the plaintiff assented, and thereupon he transferred his claim to the defendant, upon the express agreement that each should receive a *pro rata* share of the amount collected in the admiralty proceeding. Under both claims, the vessel was subsequently sold, the defendant receiving the entire proceeds, $4757.53 (exclusive of costs), which was about 60 per cent. upon the amount of the decree, and which included the demand of the plaintiff. The defendant not paying over, as he agreed, the share of the amount so recovered and belonging to the plaintiff, the plaintiff sued him for his entire claim of $437.61, in the Marine Court. On that action being brought to trial, the defendant stipulated that judgment be entered against him for the amount *actually received* by him, and *belonging to the plaintiff,* being $250 ; and on this stipulation being accepted, judgment was entered. The judgment, therefore, was clearly for moneys received by the defendant in a fiduciary capacity, and had the action been brought in a court of record, the defendant might have been arrested, and upon the rendition of judgment, the plaintiff would have been entitled to an execution against his person. (*Code,* § 179, subd. 2, § 288.)

In Ginochio *a.* Figari (4 *E. D. Smith,* 227), it was held that after a transcript of a judgment of the Marine Court has been filed in the county clerk's office, by the provisions of the Code (§ 68), it is to be deemed a judgment of this court, has the

same effect as a lien, and *is to be enforced in the same manner.* (Waltermire *a.* Westover, 4 *Kern.*, 16.) And as a judgment of this nature, when obtained in this court, would be enforced by execution against the person of the defendant, it follows that a plaintiff is entitled to the same remedy in all respects, upon filing a transcript of a Marine-Court judgment, where the nature of the action falls within the provisions of section 179.

As it appears in the present case, that an execution against the property of the defendant has already been issued, and returned unsatisfied, the plaintiff is, in my opinion, entitled to issue an execution against the defendant's person, under the provisions of section 288.

The order at special term, therefore, was erroneous, and should be reversed, and an order instead entered, granting leave to the plaintiff to issue the execution asked for, with $10 costs of the motion; and for this appeal, $10 in addition.

DALY, F. J., and BRADY, J., concurred.

Order appealed from modified, by granting leave to issue execution asked for, with $10 costs of motion, and $10 costs of this appeal.

---

## HARTT *a.* HARVEY.

*Supreme Court, First District; Special Term, May, 1860.*

### RELIGIOUS CORPORATION.—ELECTION.

On an election of trustees in a religious corporation, the judges of election can pass upon the qualifications of a voter only before his vote is received. They have no power to disregard votes which they have once received.

The certificate of the judges set forth that one set of candidates had a majority of the votes cast, but that after the result had been declared, satisfactory evidence was produced to the judges that a part of the votes for such candidates were illegal, and that, setting these aside, the other set of candidates were